UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

VICTOR M. FEBRES,

    Plaintiff,

v.                                      Case No.

                                          HON.

UNITED STATES OF AMERICA,

    Defendant.

_____/

D. Bruce Beaton (P32704)
Attorney for Plaintiff
137 S. Water Street
Marine City, MI 48039
(810) 765-3333

## ACTION UNDER SPECIAL RULE FOR SEAMEN TO SUE WITHOUT SECURITY OR PRE-PAYMENT OF COSTS

### General Factual Allegations

1.     The Plaintiff is a resident of Edgewood, Maryland.

2.     The UNITED STATES OF AMERICA is a sovereign state which, pursuant to 46 U.S.C. §30901 et seq. and 46 U.S.C. §31101 et seq., has consented to be sued.

3.     On or about July 14, 2013, the Defendant, UNITED STATES OF AMERICA, owned the USNS VICTORIOUS, which was and is a public vessel of the UNITED STATES OF AMERICA.

4.     On or about July 14, 2013, pursuant to contract, Maersk Line Limited (hereinafter "MLL") was the ship manager of the USNS VICTORIOUS.

{00303531v. (99998.00009)}

5. On or about July 14, 2013, the Plaintiff was employed by the Defendant's ship manager, MLL, as a seaman and a member of the crew of the USNS VICTORIOUS.

6. On or about July 14, 2013, MLL operated the USNS VICTORIOUS.

7. On or about July 14, 2013, the Defendant or the Defendant's agents, servants, and/or employees, controlled the USNS VICTORIOUS.

8. On or about July 14, 2013, the USNS VICTORIOUS was in navigable waters.

9. On or about July 14, 2013, while in the in the performance of his duties in the service of the USNS VICTORIOUS, the Plaintiff sustained personal injuries to his back and/or neck and/or exacerbated an asymptomatic pre-existing condition in his back and/or neck.

10. Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff was exercising due care.

11. In order for Plaintiff to report dockside on or about July 14, 2013, for duty aboard the USNS VICTORIOUS in Japan and while MLL was cognizant of Plaintiff's prior low back injury, MLL required Plaintiff to undergo extensive travel. Upon arrival at port, Plaintiff was not allowed to rest but rather was required to immediately board the vessel carrying his own sea bags up the gangway. Defendant did not provide any lifting device to lift Plaintiff's bags aboard. Plaintiff sustained the injuries stated above in paragraph 9 while shifting the bag on his shoulder when climbing up the gangway to board the vessel.

12. On March 31, 2014, pursuant to 50 U.S.C. Appendix §1291(a) and the provisions of 46 C.F.R. § 327.4 and § 327.5, the Plaintiff properly presented to the Chief, Division of Marine Insurance for the United States Maritime Administrative (MARAD) and its ship

manager, Maersk Line Limited, a claim letter/notice letter that complied with all the requirements of 46 C.F.R. Parts 327.4, 327.5.

13. Upon information and belief, said notice/claim letter was received by MARAD on April 7, 2014, and by Maersk Line Limited in Glen Allen, Virginia, and on April 4, 2014, in Norfolk, Virginia.

14. Since no notice of denial of the claim from MARAD was ever received by Plaintiff and 60 days have elapsed since the receipt of the claim/notice letter, said claim was administratively denied pursuant to 46 C.F.R. §327.7.

15. On April 17, 2014, pursuant to 50 U.S.C. Appendix §1291(a) and the provisions of 46 C.F.R. § 327.4 and § 327.5, the Plaintiff properly presented to the Office of Counsel, U.S. Military Sealift Command (MSC), Department of the Navy, and its ship manager, Maersk Line Limited, a claim notice letter that complied with all the requirements of 40 C.F.R. §327.4 and §327.5.

16. Upon information and belief, said notice/claim letter was received by U.S. Military Sealift Command (MSC) on April 21, 2014, and by Maersk Line Limited on April 22, 2014, in Glen Allen, Virginia, and on April 22, 2014, in Norfolk, Virginia.

17. Since no notice of denial of claim from the U.S. Military Sealift Command (MSC), Department of the Navy, was ever received by Plaintiff and 60 days have elapsed since the receipt of the claim/notice letter, said claim was administratively denied pursuant to 46 C.F.R. §327.7.

**General factual allegations – prior injury**

18. Prior to the injuries described in paragraph 9 above, Plaintiff injured his back on or about February 24, 2013, while in the performance of his duties in the service of the Maersk

Wisconsin which was being operated and managed by MLL. While still in the service of MLL aboard the Maersk Wisconsin, Plaintiff was determined to be fit for duty and resumed performing his usual duties.

### Jurisdiction and Venue

19. This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C., §30104, 28 U.S.C. §1331, 28 U.S.C. §1333, the Suits in Admiralty Act, 46 U.S.C. §30901 et seq., and the Public Vessels Act, 46 U.S.C. §31101 et seq. and General Maritime law.

20. Pursuant to 46 U.S.C. §31104 and 46 U.S.C. §30906, venue is proper since the USNS VICTORIOUS was, at the time of filing, located outside the territorial waters of the United States.

### COUNT I
### (JONES ACT NEGLIGENCE)

21. The Plaintiff reiterates the allegations set forth in paragraphs 1 through 20 above.

22. The personal injuries sustained by the Plaintiff were not caused by any fault on his part but were caused by the negligence of the Defendant, its manager, agents, servants and/or employees and/or Maersk Line Limited's, agents, servants and/or employees.

23. Defendant was negligent for the following reasons:

    a) Failed to provide a safe place to work;

    b) Failed to provide proper instruction, training, and supervision;

    c) Violated maximum hours to work laws;

    d) Failed to provide and maintain reasonably safe equipment and appliances;

    e) Failed to provide a safe gangway per 46 C.F.R. §42.15-75(d);

    f)    Failed to provide adequate safety measures;

    g)    Required dangerous manners of work;

    h)    Required excessive duty or overtime;

    i)    Failed to make inspections;

    j)    Failed to recognize danger and provide warnings;

    k)    Failed to perform a job hazard analysis;

    l)    Failed to comply with ISM requirements to establish, comply with, and audit safety management plans;

    m)    Failed to consider seaman's physical limitations in assigning duties;

    n)    Failed to provide a means to lift crewmembers' seabags aboard in order to avoid the seaman having to carry the seabag up the gangway;

    o)    Unsafe method of work;

    p)    Requiring Plaintiff to lift and carry heavy loads;

    q)    Unsafe work schedule;

    r)    Unsafe gangway;

    s)    Unsafe ingress to vessel; and

    t)    Seaman required to carry seabags up the gangway.

24. As a result of the injuries described in paragraph 9 above, the Plaintiff has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial including, but not limited to, future pain and suffering, future loss of earning capacity, and other future economic losses.

25. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff demands judgment against the Defendant in the amount of Ten Million ($10,000,000.00) together with interest and costs.

## COUNT II

### (GENERAL MARITIME LAW - UNSEAWORTHINESS)

26. The Plaintiff reiterates the allegations set forth in paragraphs 1 through 25 above.

27. The personal injuries sustained by the Plaintiff were due to no fault of his, but were caused by the Unseaworthiness of the USNS VICTORIOUS.

28. Defendant has failed to promptly pay Plaintiff reasonable maintenance.

29. Defendant has failed to promptly investigate Plaintiff's maintenance and cure claim.

30. Defendant has interfered with Plaintiff's treatment and thereby exacerbated his condition.

31. Defendant's vessel, crew, and/or appliances were was negligent and/or the vessel was unseaworthy for the following reasons:

   a) Failed to provide a safe place to work;

   b) Failed to provide proper instruction, training, and supervision;

   c) Violated maximum hours to work laws;

   d) Failed to provide and maintain reasonably safe equipment and appliances;

   e) Failed to provide a safe gangway per 46 C.F.R. §42.15-75(d);

   f) Failed to provide adequate safety measures;

   g) Required dangerous manners of work;

   h) Required excessive duty or overtime;

   i) Failed to make inspections;

j) Failed to recognize danger and provide warnings;

k) Failed to perform a job hazard analysis;

l) Failed to comply with ISM requirements to establish, comply with, and audit safety management plans;

m) Failed to consider seaman's physical limitations in assigning duties;

n) Failed to provide a means to lift crewmembers' seabags aboard in order to avoid the seaman having to carry the seabag up the gangway;

o) Unsafe method of work;

p) Requiring Plaintiff to lift and carry heavy loads;

q) Unsafe work schedule;

r) Unsafe gangway;

s) Unsafe ingress to vessel; and

t) Seaman required to carry seabags up the gangway.

32. As a result of the injuries described in paragraph 9 above, the Plaintiff has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial including, but not limited to, future pain and suffering, future loss of earning capacity, and other future economic losses.

33. This cause of action is brought under the General Maritime Law for Unseaworthiness.

WHEREFORE, the Plaintiff demands judgment against the Defendant in an amount of Ten Million ($10,000,000.00) by the Court together with interest and costs.

## COUNT III

### (GENERAL MARITIME LAW - MAINTENANCE and CURE)

34. The Plaintiff reiterates the allegations set forth in Paragraphs 1 through 33 above.

35. As a result of the personal injuries described in paragraph 9 above, the Plaintiff has incurred and will continue to incur expenses for his maintenance and cure.

WHEREFORE, the Plaintiff demands judgment against the Defendant in an amount to be determined by the Court, together with costs, interest, and reasonable attorney's fees.

## COUNT IV

### (GENERAL MARITIME LAW/JONES ACT - INTENTIONAL/NEGLIGENT FAILURE TO PROVIDE MAINTENANCE and CURE)

36. The Plaintiff reiterates the allegations set forth in paragraphs 1 through 35 above.

37. As a result of the personal injuries described in paragraph 9 above, the Plaintiff has incurred and will continue to incur expenses for her maintenance and cure.

38. The Plaintiff has made demand upon the Defendant's manager, Maersk Line Limited, for the provision of maintenance and cure.

39. The Defendant has willfully, arbitrarily, and/or unreasonably failed to provide the Plaintiff with maintenance and cure in a timely and adequate manner.

40. As a result of Defendant willfully, arbitrarily, and unreasonably failing to provide Plaintiff with maintenance and cure in a timely and adequate manner, Plaintiff has sustained additional damages.

41. As a result of the Defendant's failure to provide the Plaintiff maintenance and cure, the Plaintiff has sustained and will continue to sustain damages, including without limitation, pain of body and anguish of mind, lost time from her usual work and pursuits,

medical and hospital expenses, attorney's fees, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff demands judgment against the Defendant in an amount to be determined by the Court, together with costs, interest, and reasonable attorney's fees.

Dated: 8/26/2014

/s/ Stephen F. White
Stephen F. White
Bar No. 00011
Wright, Constable & Skeen, LLP
100 N. Charles St., 16th Floor
Baltimore, MD  21201
Phone:  (410) 659-1304
Fax:  (410) 659-1350
swhite@wcslaw.com
*Attorneys for Plaintiff*
*Victor Febres*

OF COUNSEL:  (Motion for Pro Hac Vice Pending)
D. Bruce Beaton, Esquire
137 S. Water Street
Marine City, MI  48039
Phone: (810) 765-3333
Fax: (810) 765-4026
dbb@dbbeatonlaw.com
*Attorney for Plaintiff*
*Victor Febres*